**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-82-HAB |
| | ) | |
| MARK HOLBROOK | ) | |

**OPINION AND ORDER**

Defendant pleaded guilty to two counts: Possession with Intent to Distribute 5 Grams or More of Methamphetamine and Felon in Possession of a Firearm. After the probation officer prepared the draft presentence investigation report, Defendant filed an eight-page objection. In sum, Defendant objected to:

- A two-level enhancement for a credible threat to use violence;

- A two-level enhancement for obstruction of justice;

- The probation officer's determination that Defendant qualified as a career offender under U.S.S.G. § 4B1.1(b)(2);

- The probation officer's determination that Defendant qualified as an armed career criminal under 18 U.S.C. 924(e); and

- The drug weight calculation.

(ECF No. 54). The Court held an evidentiary hearing on Defendant's objections in May. The briefing on the objections is now complete.

The issues have been narrowed since Defendant filed his objection. The Government now agrees that Defendant is not an armed career criminal under 18 U.S.C. § 924(e) and further concedes that the two-level enhancement for a credible threat to use violence should not apply. The Court will now address the remaining objections.

## I.      Drug Weight Calculation

In calculating the base offense level, the probation officer performed the following drug calculation:

> Conduct also involves between 1.5 kilograms and 4.5 kilograms of methamphetamine (actual), comprised of the following quantities: 17.6 grams on July 26, 2018 (confirmed by DEA Laboratory); 6.633 grams on March 23, 2019 (confirmed by DEA Laboratory); seven pounds the defendant admitted to obtaining for 30,000.00 (seven pounds x 453.6 grams per pound = 3,175.2 grams); and the $3,308.00 found in his possession, which he advised he owed to Kern for a drug debt for a pound that cost $5,000.00. Using the defendant's reported rate of $5,000.00 per pound, this $3,308.00 converts to .6616 pounds (.6616 pounds x 453.6 grams = 300.10 grams).

(ECF No. 55 at 6). The seven pounds of meth referenced by the probation officer was a shipment that Defendant had received about two weeks before his arrest. Defendant told the arresting officer that he was a "middleman" in this transaction and was provided an ounce of meth for transporting the shipment.

Defendant's objection focuses on the purity assigned to these seven pounds. The probation officer determined that this amount should be considered "actual meth or ice," relying on the purity of meth seized from Defendant during two separate law enforcement encounters. Defendant told arresting officers that the 6.633 grams of pure methamphetamine was from the same supplier connected to seven pounds. Defendant asserts that, without evidence of the purity, these seven pounds should be considered simple methamphetamine.

United States Sentencing Guideline Section 2D1.1 governs the calculation of drug weight. Application note five states,

> Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

U.S.S.G. § 2D1.1, cmt. 5. To qualify as "ice," methamphetamine must be at least 80% pure. *Id*. at note C.

"The Government's burden at sentencing is substantially lower than at trial," as a sentencing court "must only find that a preponderance of reliable evidence supports the drug quantity finding." *United States v. Tankson*, 836 F.3d 873, 881 (7th Cir. 2016) (internal quotation omitted). So "[a]t sentencing, the government must prove that the methamphetamine attributed to the defendant is more likely than not" methamphetamine as described in the Guidelines. *United States v. McEntire*, 153 F.3d 424, 432 (7th Cir. 1998). Here, the Court must decide whether the Government has shown, by a preponderance of the evidence, that the seven pounds met the Guidelines definition of "ice."

The controlling case is *United States v. Carnell*, 972 F.3d 932 (7th Cir. 2020). In *Carnell*, the Seventh Circuit announced what evidence could and could not be used to establish the purity of methamphetamine. The Seventh Circuit "eliminate[d] the utility of several categories of evidence," including the label assigned to the drugs by users and dealers (i.e., "everyone referred to the drugs as 'ice'"); testimony from users, dealers, or other individuals (including law enforcement) not supported by scientific testing; and the appearance of the drugs. *Id*. at 942. Other methods of proof may be available, but the Seventh Circuit directed that "[s]cientific testing of at least part of a quantity of suspected 'ice' methamphetamine seized from a conspiracy is one of the strongest means by which the government can meet its burden." *Id*. at 943.

The parties disagree whether the 6.633 grams of ice seized from Defendant in March 2019 was part of the seven-pound shipment. The Court finds this disagreement to be immaterial. *Carnell* does not require that the tested sample be part of a specific shipment. Instead, it must be methamphetamine "seized from the conspiracy." *Id*. Defendant admitted to police that the 6.633

grams was from the same dealer for whom Defendant acted as a middleman for the seven pounds. (ECF No. 55 at 4–5). Whether or not the 6.633 grams was from the seven pounds, it was from the same drug operation. The Court finds, then, that the probation officer correctly calculated the base offense level, and Defendant's objection to the drug weight calculation is OVERRULED.

## II.     Obstruction of Justice

The probation officer imposed a two-level enhancement for obstruction of justice, finding that "the defendant gave consent to search his cellular phones. Yet, after being released from custody on his own recognizance, the defendant remotely wiped his phones of their content." (*Id*. at 7). This enhancement was the focus of the evidentiary hearing.

At the hearing, Defendant's ex-wife, Stacy Neff, testified that she wiped the phones to hide sexually explicit pictures of her and Defendant. (ECF No. 64 at 32–33). The Government asks the Court to disregard Neff's testimony, asserting "she is not a credible witness." (ECF No. 74 at 7). The Court mostly agrees, but it is hard to see how that helps the Government. Assuming the Court were to disregard all Neff's testimony, the Court is left with the following testimony from Detective Nethaway:

> Q.     Okay. There's no way for you to know who factory reset those phones, correct?
>
> A.     Not directly, no.

(ECF No. 64 at 23).

If the Court had to guess, it would say that Defendant probably wiped the phones. But that would not be based on evidence, certainly not on evidence adduced at the evidentiary hearing. It would be just that: a guess. The Government has the burden of proving the obstruction enhancement by a preponderance of the evidence. *United States v. Wiggins*, 134 Fed. Appx. 946, 948 (7th Cir. 2005). If that burden means anything, it means that the Government must come

forward with some evidence identifying Defendant as the person who wiped the phones. The Government has failed to produce that evidence, and Defendant's objection to the obstruction enhancement is SUSTAINED.

## III.    Career Offender

Finally, Defendant argues that he should not be considered a career offender under U.S.S.G. § 4B1.1 because Indiana's definition of controlled substance is broader than the federal definition in 21 U.S.C. § 802(6). This argument, however, is foreclosed by *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), which held that the career offender guideline does not incorporate the Controlled Substances Act's definition of "controlled substance." *Id*. at 654. Defendant can argue the correctness of *Ruth* in Chicago or Washington, D.C., but until a higher court says otherwise, *Ruth* controls this Court's analysis. Defendant's career offender objection is OVERRULED.

## IV.    Conclusion

For these reasons, Defendant's objections to the two-level enhancement for a credible threat to use violation, the two-level enhancement for obstruction of justice, and the finding that he is an armed career criminal under 18 U.S.C. § 924(e) are SUSTAINED. Defendant's remaining objections are OVERRULED. The probation officer is DIRECTED to prepare an amended final presentence investigation report consistent with this Order.

SO ORDERED on September 17, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT